IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

Dennis Cuneo

       Petitioner,

v.                                                        Case No: _____

UNITED STATES OF AMERICA,

       Respondent.

## COMPLAINT FOR DECLARATORY JUDGMENT

**INTRODUCTION**

1. Petitioner, Dennis Cuneo, respectfully seeks a declaratory judgment from this Court pursuant to 28 U.S.C. § 2201, determining that 18 U.S.C. § 922(g)(9) is unconstitutional as applied to Petitioner and that Petitioner is not a prohibited person under federal law.

2. This action arises from Petitioner's prior conviction for Assault and Battery - Family Member in the Prince William County Juvenile and Domestic Relations Court on March 13, 2020, which has resulted in a lifetime prohibition on firearm ownership under 18 U.S.C. § 922(g)(9).

3. Petitioner contends that the lifetime prohibition imposed by 18 U.S.C. § 922(g)(9) violates the Second Amendment to the United States Constitution, as interpreted by the Supreme Court in *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022), because it lacks a mechanism for the restoration of firearm rights.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as the case arises under federal law, specifically 18 U.S.C. § 922(g)(9) and the Second Amendment to the United States Constitution.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as the events giving rise to this action occurred in the Commonwealth of Virginia, and Petitioner resides within the jurisdiction of this Court.

**STATEMENT OF FACTS**

6. On March 13, 2020, Petitioner was convicted of Assault and Battery - Family Member in the Prince William County Juvenile and Domestic Relations Court from an offense occurring in 1999.

7. As a result of this conviction, Petitioner is subject to the lifetime prohibition on firearm ownership under 18 U.S.C. § 922(g)(9), which applies to individuals convicted of misdemeanor crimes of domestic violence.

8. Petitioner is barred for life from owning or possessing firearms under 18 U.S.C. § 922(g)(9), with no mechanism for the restoration of firearm rights.

9. The Supreme Court's decision in *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022), established that firearm regulations must be consistent with the historical tradition of firearm regulation in the United States.

10. Petitioner contends that the lack of a mechanism for the restoration of firearm rights renders 18 U.S.C. § 922(g)(9) unconstitutional under the Second Amendment.

**LEGAL ARGUMENTS**

13. Under 18 U.S.C. § 922(g)(9), individuals convicted of misdemeanor crimes of domestic violence are prohibited from owning or possessing firearms.

14. The Supreme Court in *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022), held that firearm regulations must be consistent with the historical tradition of firearm regulation in the United States.

15. The absence of a mechanism for the restoration of firearm rights under 18 U.S.C. § 922(g)(9) imposes a lifetime ban that is inconsistent with the Second Amendment and the historical tradition of firearm regulation.

16. In *United States v. Rahimi*, 61 F.4th 443 (5th Cir. 2023), the Fifth Circuit held that certain firearm restrictions must be evaluated under the framework established in *Bruen*, emphasizing the need for consistency with historical tradition.

17. The lack of a restoration mechanism under 18 U.S.C. § 922(g)(9) violates the Second Amendment because it permanently deprives individuals of their constitutional rights without due process or an opportunity for redress.

18. While Congress has the authority to regulate firearm possession, it must provide a mechanism for individuals to seek the restoration of their Second Amendment rights, as the absence of such a mechanism renders the statute unconstitutional.

**PRAYER FOR RELIEF**

WHEREFORE, Petitioner respectfully requests that this Court:

1. Declare that 18 U.S.C. § 922(g)(9) is unconstitutional as applied to Petitioner due to the lack of a mechanism for the restoration of firearm rights;

2. Declare that Petitioner is not a prohibited person under 18 U.S.C. § 922(g)(9) and is eligible to own and possess firearms;

3. Grant such other and further relief as the Court deems just and proper.

                    Respectfully submitted,

                    Dennis Cuneo

                    By:_____/s/_____

Timothy Anderson
Anderson & Associates, PC
2492 N. Landing Rd 104
Virginia Beach VA 23456
757-301-3636 Tel
757-301-3640 Fax
VSB 43803
Counsel for the Petitioner
timanderson@virginialawoffice.com